## BLAND *v.* JONES.

### Opinion delivered February 27, 1928.

1. PRINCIPAL AND SURETY—RIGHT OF SURETY TO CONTRIBUTION.—In a suit by a surety against principals on a note and plaintiff's co-sureties, plaintiff having paid the note, the co-sureties were not entitled to a reduction from their *pro rata* liability to plaintiff because of a set-off which the court allowed to the principals against plaintiff, in which the co-sureties were not interested.

2. PRINCIPAL AND SURETY—JUDGMENT FOR CONTRIBUTION.—In an action by sureties to recover from co-sureties their *pro rata* of a note which had been paid by plaintiff, a joint and several judgment against the co-sureties was erroneous, since the judgment should have been for the *pro rata* share due by each co-surety, there being no showing that any of the co-sureties were insolvent.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; reversed.

*Appellant pro se.*

HUMPHREYS, J. Appellee brought suit for $721.69, in the circuit court of Dallas County, against H. E. Jones,

Cecil Futch and appellants, upon a note which all of them executed to the Bank of Fordyce, and which appellee paid at maturity, alleging that he was surety for the other signers of the note.

H. E. Jones and Cecil Futch filed a separate answer, admitting that they owed the note, but claimed that they were entitled to a credit thereon for $125.35 for repair work done by them on automobiles belonging to appellee.

Appellants filed a separate answer, admitting the execution of the note, and alleging that, instead of appellee being surety for all the signers thereof, they, together with appellee, were sureties for H. E. Jones and Cecil Futch. They further allege that, as co-sureties, each was liable for one-fifth of the amount paid to the bank by appellee, less the amount owed H. E. Jones and Cecil Futch for repairs on his automobiles.

The cause was submitted to the court sitting as a jury, upon the pleadings and testimony adduced by the respective parties, which resulted in a judgment against H. E. Jones and Cecil Futch for the full amount of the note, less $125.35 allowed Jones and Futch as a set-off for repair work on appellee's automobiles, and a joint and several judgment against the appellants for $577.24, being four-fifths of the amount paid by appellee to the bank in discharge of the note, from which judgment against them appellants have duly prosecuted an appeal to this court.

The facts are practically undisputed, and, in substance, are as follows:

On August 13, 1926, appellants and appellee became sureties for H. E. Jones and Cecil Futch on a note which they all executed to the Bank of Fordyce for $700, bearing interest at the rate of ten per cent. per annum from date until paid. After maturity of the note appellee paid the bank the face of the note and the unpaid interest, amounting to $713.77, and took an assignment of the note to himself. H. E. Jones and Cecil Futch did repair work on automobiles belonging to appellee amounting to $125.35.

Appellants contend for a reversal of the judgment upon two grounds, the first being that the court should have deducted the claim of H. E. Jones and Cecil Futch for the amount paid by appellee in discharge of the note, and then have apportioned the remainder among the sureties; and the second being that the court should have entered a several judgment against each for one-fifth of the remainder instead of a joint and several judgment for the total amount of the remainder against them.

(1). Appellants are in error in their first contention. Their co-surety paid $721.69 to the bank in discharge of their mutual obligation as sureties, and he was entitled by way of contribution to a judgment against each for one-fifth of the total amount he paid the bank. They had no interest whatever in the claim of H. E. Jones and Cecil Futch against appellee for repair work. This was a matter between appellee and H. E. Jones and Cecil Futch. H. E. Jones and Cecil Futch were entitled to offset their claim against appellee's claim against them, but appellants, having no interest in the Jones-Futch claim, could not use it as an offset against appellee's claim against them. The court did not err in disallowing them a credit for the Jones-Futch account before ordering contribution on their part.

(2) The court did err, however, in rendering a joint and several judgment against appellants, co-sureties with appellee, for their contribution. He should have rendered a judgment against each for one-fifth of the amount as his contribution, it not appearing that any of them were insolvent. Appellee was entitled to a judgment against each for the amount he had paid for him, but was not entitled to a judgment by way of contribution against them all for the amount he had paid for each.

On account of the error indicated the judgment is reversed, and judgment is ordered to be entered here against each appellant for one-fifth of $721.69, or $144.34, together with interest thereon from the date of the rendition of the original judgment by the trial court.